**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ROBERTSON, | No. 10-73689 |
| Petitioner - Appellant, | Tax Ct. No. 4786-09L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

James Robertson appeals pro se from the Tax Court's decision dismissing

for failure to prosecute his petition challenging the Commissioner of Internal

Revenue's determination to sustain an action to collect unpaid taxes for tax years

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1998, 2001, 2002, 2003, and 2004. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review for an abuse of discretion, *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988), and we affirm.

The Tax Court did not abuse its discretion in dismissing Robertson's petition in light of his failure to respond to its order to show cause or to comply with prior court orders, especially where it had reinstated the action after a previous dismissal and had warned Robertson about the possibility of another dismissal if he failed to respond or comply with the applicable rules. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1384-85 (9th Cir. 1996) (dismissal was not an abuse of discretion because willful failure to appear, prejudice to defendant, and interference with court's docket outweighed policy favoring resolution of litigation on the merits and imposition of less drastic sanctions); *see also* Tax Ct. R. 123(a) (dismissal permitted where party fails to proceed as required by court).

We decline to address Robertson's arguments regarding the Tax Court's pre-judgment determination that Robertson's petition was frivolous and dilatory. *See Al-Torki*, 78 F.3d at 1386 (after dismissal for failure to prosecute, litigant forfeits right to appeal the merits of interlocutory orders prior to judgment).

Robertson's remaining contentions are unpersuasive.

**AFFIRMED.**

2